UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-122 |
| | ) | Judge Phillips |
| BENJAMIN LOWE | ) | |

## **MEMORANDUM AND ORDER**

On April 16, 2012, defendant was sentenced to a term of imprisonment of 92 months followed by a three-year term of supervised release for five Hobbs Act robberies in violation of 18 U.S.C. § 1951 [Doc. 19]. The defendant's Presentence Investigation Report indicates that he was received into federal custody by a writ from the Knox County, Tennessee detention facility on October 19, 2011. Defendant has now filed, *pro se*, a motion requesting a reduction in his sentence pursuant to 18 U.S.C. § 3582 for time spent in federal custody on a writ from the state [Doc. 20]. Although his motion refers to an attachment showing that his state sentence was to expire on December 23, 2011, no attachment was included with his motion.

A district court does not have the inherent authority to resentence a defendant at any time. *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). As to the present motion, § 3582(c)(1)(A) allows the Court to reduce a term of imprisonment upon motion of the Director of the Bureau of Prisons. The Court has not received such a motion at this time.

Further, pursuant to § 3582(c)(1)(B), "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the

Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). "Only two statutory provisions permit such a modification: 28 U.S.C. §§ 2106 and 2255[.]" *United States v. Zabawa*, 134 F. App'x 60, 67 (6th Cir. 2005). Section 2106, pertaining to intervening reversals by the Supreme Court or another appellate court, is inapplicable here. Even if the Court were to construe defendant's motion as a § 2255 petition, it appears that such a request would be foreclosed by the one-year statute of limitations in 28 U.S.C. § 2255(f)(1). Rule 35 is also inapplicable as to the present motion, as that rule authorizes correction or reduction of sentence only: (1) upon a substantial assistance motion filed by the government; or (2) to "correct a sentence that resulted from arithmetical, technical, or other clear error" if done within 14 days after sentencing. *See* Fed. R. Crim. P. 35. The motion now before the court is not brought by the government for substantial assistance, and Rule 35(a)'s 14-day window has long closed.

The calculation of a term of imprisonment for a federal prisoner, including any award of credit for time served, is governed by 18 U.S.C. § 3585. However, this Court cannot grant or compute sentence credits under 18 U.S.C. § 3585(b); that task is reserved for the Attorney General of the United States through the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 333—34 (1992); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996). Thus, a prisoner seeking credit for time spent in custody must first exhaust his administrative remedies through the Bureau of Prisons, *Wilson*, 503 U.S. at 335, and failing that, petition the district court for habeas corpus review pursuant to 28 U.S.C. § 2241, *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). Any such petition generally should be filed in the district where the prisoner is being held. *See Roman v. Ashcroft*, 340

F.3d 314, 319 (6th Cir. 2003) ("a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian").

In this case, the defendant is in custody in West Virginia and not the Eastern District of Tennessee. Thus, even if the defendant had exhausted his administrative remedies – which has not been shown – the Court would not have jurisdiction over any habeas corpus petition brought pursuant to § 2241. Additionally, the defendant has not provided any other statutory basis for relief. *See United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001) (stating that "[t]he authority of a district court to resentence a defendant is limited by statute" and "18 U.S.C. § 3582(c)(1)(B) expressly prohibits … resentencing of a defendant beyond those exceptions expressly enacted by Congress"). Therefore, the Court concludes that it lacks jurisdiction to grant the defendant relief.

For all the foregoing reasons, the defendant's motion for sentence reduction [Doc. 20] is **DENIED**.

IT IS SO ORDERED.

    s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE